NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MERYL HOLT (Cal. Bar No. 308195)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6737
     Facsimile: (213) 894-0141
     E-mail:    Meryl.Holt@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-1222-PA |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT KEVIN JOHN MCENANY'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| v. | |
| KEVIN JOHN MCENANY, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Meryl Holt, hereby files its opposition to defendant's April 20, 2020 Motion for Early Termination of Supervised Release, or in the Alternative, Modification of Supervised Release Conditions. The government's opposition is based upon the attached Memorandum of Points and Authorities, the Presentence Investigation Report, the exhibits attached to defendant's motion, the files and records in this case,

///

and such further evidence and argument as the Court may permit.

Dated: April 22, 2020		Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

 /s/ Meryl Holt	_____
MERYL HOLT
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Between February 14 and March 14, 2010, defendant Kevin John McEnany ("defendant") offered to publicly share 28 child pornography files through peer-to-peer networks.  Some of his files were accessed by an undercover law enforcement agent and a federal search warrant of defendant's residence executed on October 15, 2010 resulted in the discovery of at least 150 video files containing child pornography. During the execution of the search warrant, defendant admitted to law enforcement agents that he had been downloading child pornography files for at least 5 years and had copied child pornography onto compact discs 7 to 8 years before the search.

On November 22, 2010, defendant pleaded guilty to Possession of Child Pornography, in violation of 18 U.S.C § 2252A(a)(5)(B).  On January 5, 2012, the Court sentenced defendant to 41 months' imprisonment--well below the guidelines sentencing range of 78 to 97 months--and a life term of supervised release.  Now, after just over five years of supervision, defendant moves this Court for early termination of supervised release principally on the grounds that the life term is too harsh and he poses a low risk of recidivism. Defendant's motion should be denied.  As set forth below, the nature of defendant's offense warrants a significant term of supervision, and the interests of justice would not be served by releasing defendant from his sentence at this time.

**II.   LEGAL STANDARDS**

    **A.    Early Termination May Be Granted If Warranted By the Conduct of the Defendant and the Interest of Justice**

Under 18 U.S.C. § 3583(e)(1), the Court may, after considering

certain factors in § 3553(a), terminate supervised release and discharge a defendant "at any time after the expiration of one year of supervised release," if the Court is satisfied that such action is warranted "by the conduct of the defendant released and the interest of justice." The factors the Court must consider are the nature and circumstances of the offense and defendant's history and characteristics; the need for adequate deterrence; the need to protect the public from further crimes of the defendant; the need to provide defendant with educational or vocational training, medical care, or correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges provided in the guidelines; applicable guidelines policy statements; the need to avoid unwarranted sentence disparities among similarly situated defendants; and the need to provide restitution to any victims of the offense.[1] 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

The Court has discretion to consider "a wide range of circumstances when determining whether to grant early termination." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014); see also United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002) (the modification mechanism in § 3553(a) allows a sentencing court to respond to "changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to service the general punishment goals of § 3553(a)"). Courts generally agree that defendant must demonstrate "more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early

---

[1] No restitution was ordered in this case.

4

termination." United States v. Russell, 2013 WL 2634399 at *1 (E.D. Wisc. June 11, 2013). Rather, "courts have generally granted early termination only in cases involving some new or unforeseen circumstance, which may include exceptionally good behavior, or where supervision hinders rather than facilitates the defendant's rehabilitation." Id. (collecting cases).[2] Defendant bears the burden of demonstrating that early termination is justified. United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

The Court must provide an explanation for either denying or granting defendant's request. Emmett, 749 F.3d at 820. What constitutes a sufficient explanation "will necessarily vary depending on the complexity of the particular case," but the explanation must be "sufficiently detailed to permit meaningful appellate review, and it must state the court's reasons for rejecting nonfrivolous arguments." Id. at 821 (internal quotation marks and citations omitted).

**III. ARGUMENT**

    **A.    Extended Terms of Supervision Are Appropriate for Sex Offenders, Including Those Convicted of Possession of Child Pornography**

Supervised release terms are designed to "assist individuals in their transition to community life." United States v. Johnson, 529

---

[2] Defendant cites United States v. Bainbridge, 746 F.3d 943, 948-49 & n.3 (9th Cir. 2014), for the proposition that "changed circumstances" are not a prerequisite for early termination of supervised release. (ECF No. 75 ("Def.'s Mot."), at 6.) But unlike the case at hand, Bainbridge involved the district court's imposition of an additional condition of supervised release on a sex offender even absent a showing of changed circumstances. Id. The Bainbridge Court did not contemplate the role of changed circumstances in the context of a defendant's request for early termination of supervised release.

U.S. 53, 59 (2000). In the case of sex offenders, Congress has determined that they need additional supervision during this transition and amended Section 3583 accordingly. See H.R. Conf. Rep. No. 108-66 at 49-50 (2003), reprinted in 2003 U.S.C.C.A.N. 683, 684 (noting "long-standing concerns . . . regarding the inadequacy of the existing supervision periods for sex offenders, particularly for the perpetrators of child sexual abuse crimes"). Thus, under 18 U.S.C. § 3583(k), the maximum term of supervised release for various sex offenses, including violations of 18 U.S.C. § 2252A, is life. For some offenses, like the possession of child pornography, Congress set a mandatory minimum term of supervision of five years. 18 U.S.C. § 3583(k).[3]

Lengthy terms of supervision for defendants in these kinds of cases are appropriate. Crimes involving the sexual exploitation of children are among the most serious of all crimes and the courts (and the public) have every reason to take steps to prevent and deter such conduct. As Congress has explicitly recognized, recidivism rates for sex offenders do not appreciably decline as offenders age. See H.R. Rep. 107-527, 2002 WL 1376222, at *2-3 (discussing lifetime supervised release for sexual offenders).

---

[3] The Sentencing Guidelines Manual similarly recommends imposition of the maximum term for any defendant who has committed a sex offense by providing that "[i]f the instant offense of conviction is a sex offense . . . the statutory maximum term of supervised release [life] is recommended." U.S. Sentencing Guidelines Manual § 5D1.2(b), Policy Statement (U.S. Sentencing Comm'n 2018). Application Note 1 to Section 5D1.2 defines possession of child pornography, a chapter 110 offense, as a sex offense.

**B. The Nature and Circumstances of Defendant's Conduct Merited a Significant Term of Supervision**

1. <u>Defendant Actively Sought to Share Child Pornography</u>

Defendant offered to publicly share 28 child pornography files via peer-to-peer networks, such as Gnutella Network, over a month-long period in early 2010. (ECF No. 22 ("Presentence Investigation Report" ("PSR")) ¶ 14; ECF No. 14 ("Plea Agreement"), at 6.) On March 11, 2010, an undercover law enforcement agent used the Gnutella Network to view seven known child pornography files from a shared file folder on defendant's computer, with file names that included: "3 Boys Rape a Girl Very Nice," "Babyj-Long Pedofilia Bimba," "young girl Lolita pedo fuck," and "Illegal Preteen – Young Little Kiddy Childs." (Plea Agreement, at 6.)

A federal search warrant was executed on October 15, 2010 at defendant's residence. (<u>Id.</u>) On that date, defendant possessed at least 150 video files containing child pornography. (PSR ¶ 15.) Defendant told law enforcement that he was sexually aroused by the child pornography files and had masturbated to them. (<u>Id.</u> ¶ 19(a).) He stated that he preferred watching child pornography files depicting males between the ages of 9 and 10 engaging in sexual activities. (<u>Id.</u>)

2. <u>Defendant Engaged in this Conduct for Many Years</u>

On the date the search warrant was executed at his residence, defendant admitted to law enforcement that he had been downloading child pornography files for at least five years. (<u>Id.</u>) He also admitted to using Limewire software to download child pornography from the Internet and said that he understood that people could download files from his computer when he left files on his Limewire

7

share folder, where he would sometimes leave files for "days or months." (Id. ¶ 19(a), (b).) Defendant further admitted that he had copied child pornography to compact discs approximately 7 to 8 years before the date of the search. (Id. ¶ 19(c).)

### C. Continued Supervision is Appropriate

Defendant has been on supervised release for just over five years, the minimum term mandated for an offense under 18 U.S.C. § 2252A. Further supervision is appropriate.

Defendant's crimes are extremely serious and warrant a lengthy term of supervision to protect the public. Defendant possessed child pornography over a period of many years and, despite contentions to the contrary, there is reason to be concerned about his risk of reoffending. The scientific evidence does not "conclusively (or near-conclusively) establish[] that possession-only Internet child pornographers [are] highly unlikely to recidivate or commit more serious sex offenses." United States v. Apodaca, 641 F.3d 1077, 1084 (9th Cir. 2011) (upholding district court's imposition of lifetime supervision for a child pornography offense).

While the government recognizes defendant's relative compliance with the terms of his release to date, defendant has simply done what he is supposed to do. Defendant's mere compliance with the conditions of supervised release is insufficient to justify early termination, particularly in light of the nature of the conduct that underlies defendant's conviction for possession of child pornography.

The government acknowledges defendant's apparent commitment to therapy and other activities that contribute to self-understanding. (See Def.'s Mot., at 4, 15.) It also recognizes that defendant has supportive family and friends. (See id. at 7-8.) However, there is

no guarantee that defendant will remain stable and that this support system will stay in place over the long run. The continued support and supervision by the U.S. Probation Office ("USPO") serves not only as an incentive for defendant to continue to make progress, but also serves as a form of a safety net should life circumstances challenge his ability to cope during the "maintenance" phase of supervised release.

In light of the specific characteristics and history of this defendant, the need to afford adequate deterrence of future criminal conduct, and the need to protect the public, termination of supervised release is not appropriate. To the contrary, continued supervision--including but not limited to approval of defendant's electronic devices--is reasonable, necessary, and rationally related to deterring criminal conduct and protecting the public.

### D. The Government Does Not Oppose Removal of the Drug Testing Provision in Condition 3 or Modification of Condition 14

In the event the Court denies defendant's request for early termination of supervised release, he asks for certain modifications to his existing terms of supervision. First, defendant requests removal of Condition 3's drug testing requirement. (See ECF No. 54 ("Judgment"), at 1.) The USPO does not object to removal of this condition. The government similarly does not oppose such a modification in light of the absence of a prior history of drug abuse or addiction, (PSR ¶¶ 68-71), and his efforts to come into compliance after one positive drug test for marijuana approximately one year ago. This proposed modification in no way affects Standard Condition 8, which prohibits use of illegal drugs. (Judgment, at 4.)

As for the request to modify Condition 14, which prohibits

9

defendant from "resid[ing] within 2,000 feet from school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18," (id. at 2), the government has reviewed the precise language presented in defendant's motion and, despite earlier conversations with defense counsel, does not object to the changes requested. The language proposed is tailored to ensure public safety and defendant's residence must be approved by the USPO. (Def.'s Mot., at 2.)

## IV. CONCLUSION

Defendant's motion for early termination of supervised release should be denied. As for defendant's modification request, the government does not object to either the removal of Condition 3's drug testing requirement or the requested modification to Condition 14's residence requirement.

**CERTIFICATE OF SERVICE**

I, TANIA GODFREY, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this Certificate was made; that on April 22, 2020, I sent a copy of:

**GOVERNMENT'S OPPOSITION TO DEFENDANT KEVIN JOHN MCENANY'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

and that service was accomplished by e-mail, with the written consent of United States Probation Officer Alex Guevara at Alex_Guevara@cacp.uscourts.gov.

This Certificate is executed on April 22, 2020, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

/s/

TANIA GODFREY
Legal Assistant